IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES A. SMITH                                                            PLAINTIFF

v.                                       CIVIL NO. 07-2028

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                           DEFENDANT

## MEMORANDUM OPINION

Plaintiff James A. Smith brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his applications for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

## Procedural Background:

The applications for DIB and SSI presently before this court were filed on June 15, 2004, alleging an inability to work since August 1, 2001, due to a back and neck injury, knee problems, chronic pain and depression.[1] (Tr. 14, 62). An administrative hearing was held on January 23, 2006. (Tr. 276-311). Plaintiff was present and represented by counsel.

By written decision dated July 25, 2006, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 23). However, after reviewing all of the

---

[1]We note plaintiff's counsel requested that the ALJ consider reopening a prior decision made on a previous application for benefits in February of 2002. It does not appear the ALJ addressed that issue in his decision. (Tr. 310). The issue of reopening was not raised in the briefs and will not be addressed in this opinion.

evidence presented, he determined that absent plaintiff's chronic alcohol dependence/substance abuse plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 23). The ALJ determined plaintiff maintained the residual functional capacity (RFC) to perform a wide range of light exertional activity. (Tr. 23). With the help of a vocational expert, the ALJ found plaintiff could perform other work as a counter rental clerk, a retail sales clerk and a security guard. (Tr. 24).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on January 25, 2007. (Tr. 4-7). After considering the reasons plaintiff disagreed with the ALJ's decision, the Appeals Council declined review making the ALJ's decision the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties filed appeal briefs. (Doc. # 7, 10). This case is before the undersigned pursuant to the consent of the parties. (Doc. # 4).

## Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have

AO72A
(Rev. 8/82)

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work

experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

In 1996, the Social Security Act was amended to reflect changes in the award of benefits related to substance abuse. The statute reads, in pertinent part, that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C), *amended by* Pub.L. No. 108-203 (March 2, 2004). This amendment is interpreted as barring benefits "if alcohol or drug abuse comprises a contributing factor material to the determination of disability ⋯⋯" *Brueggemann v. Barnhart,* 348 F.3d 689, 693 (8th Cir.2003).

20 C.F.R. § 404.1535(b) details how the Commissioner is to evaluate if substance abuse is material in determining disability.
(a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
(b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
(1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
(2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
(I) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
(ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

*1018 20 C.F.R. § 404.1535(b). "The ALJ must reach [a] determination [of disability ] initially ⋯ using the standard five-step approach described in 20 C.F.R. § 404.1520 without segregating out any effects that might be due to substance abuse." *Brueggemann,* 348 F.3d at 694.

4

*Welch v. Barnhart*, 355 F.Supp.2d 1008, 1017-1018 (E.D.Mo 2005).

In the instant case, the ALJ concluded that plaintiff met the Listing 12.09  but absent plaintiff's alcohol dependence/substance abuse, the ALJ found plaintiff's severe impairments consisted of degenerative disc disease of the lumbar spine and a stable small left inguinal hernia. Without alcohol dependence/substance abuse, the ALJ concluded plaintiff's depression and anxiety were not severe impairments. The ALJ further found absent plaintiff's chronic alcohol dependence/substance abuse, plaintiff maintained the RFC to perform a wide range of light work. With the help of vocational expert testimony, the ALJ found plaintiff would be able to perform other work as a counter rental clerk, a retail sales clerk and a security guard.

We are troubled by the ALJ's determination that absent plaintiff's chronic alcohol dependence/substance abuse plaintiff did not have a severe mental impairment. A majority of the Supreme Court has adopted what has been referred to as a `de minimis standard' with regard to the step two severity standard." *Hudson v. Bowen*, 870 F.2d 1392, 1395 (8th Cir. 1989); *Funderburg v. Bowen*, 666 F.Supp. 1291 (W.D. Ark. 1987).  An impairment is considered to be non-severe if it is a slight abnormality that does not significantly limit any basic work activity. *Bowen v. Yuckert*, 482 U.S. 137, 158 (1987).

After the administrative hearing, plaintiff underwent a consultative psychological evaluation performed by Dr. Robert L. Spray, Jr., on March 6, 2006 and March 13, 2006. (Tr. 261-265).  At the time of the evaluation, plaintiff reported that he was not taking any medication and that he was drinking on a regular basis. (Tr. 262).  Afer evaluating plaintiff and reviewing plaintiff's test results, Dr. Spray diagnosed plaintiff with Axis I: alcohol dependence, cannabis

5

abuse, polysubstance abuse (reportedly in remission), impulse control disorder, major depression, recurrent, and apparent malingering of cognitive dysfunction on WAIS-III, rule out math disorder; and Axis II personality disorder with antisocial and dependent features. (Tr. 264).

Dr. Spray also completed a Medical Source Statement of Ability to do Work-Related Activities (Mental) on March 16, 2006. (Tr. 267-269)  Dr. Spray opined plaintiff's ability to understand, remember and carry out instructions was affected by plaintiff's mental impairment. More specifically, Dr. Spray opined plaintiff had no restriction in his ability to understand, remember and carry out short, simple instructions; slight restrictions with understanding, remembering and carrying out detailed instructions; and marked restrictions with making judgments on simple work-related decisions.  (Tr. 267).  Dr. Spray reported that his opinion was supported by plaintiff's history of poor judgment in dealing with life decisions and how plaintiff related to people. (Tr. 267).  Dr. Spray opined plaintiff had slight restrictions with responding appropriately to changes in a routine work setting; had marked restrictions with interacting appropriately with the public and responding appropriately to work pressures in a usual work setting; and had extreme restrictions in interacting appropriately with supervisors and co-workers. (Tr. 268). Dr. Spray opined plaintiff's daily use of alcohol impacted plaintiff's level of depression, poor judgment and ability to control impulses.  When asked to explain what changes he would make to his assessment of plaintiff's restrictions if plaintiff was totally abstinent from alcohol and/or substance abuse/use, Dr. Spray stated "don't know." (Tr. 269).

A review of the record shows plaintiff was diagnosed and treated for depression in 2001. We would further point out that in 2002, Dr. Brad Williams, a non-examining consultant, opined plaintiff had both an affective disorder and substance abuse disorder. (Tr. 219-236).  Dr.

AO72A
(Rev. 8/82)

Williams opined that plaintiff had mild restrictions of activities of daily living; moderate difficulty in maintaining social functioning and concentration, persistence and pace; and no episodes of decompensation of extended duration. (Tr. 229).

The ALJ did properly point out that in 2006, Dr. Spray reported that the test results suggested plaintiff appeared to be malingering or exaggerating his symptoms. Dr. Spray also completed a mental medical source statement in which he opined plaintiff's daily use of alcohol impacted plaintiff's level of depression, poor judgment and ability to control impulses. (Tr. 268). Dr. Spray indicated that he did not know what changes he would make to the medical source statement if plaintiff were to remain abstinent from alcohol/substances. If Dr. Spray was unable to make that determination after examining plaintiff we fail to see how the ALJ was able to make that medical determination. *See Nevland v. Apfel,* 204 F.3d 853, 858 (8th Cir.2000) (ALJ may not draw upon his own inferences from medical reports). After reviewing the entire evidence of record we do not fund substantial evidence to support the ALJ's determination that absent the abuse of alcohol plaintiff did not have a severe mental impairment.

We believe remand is further warranted so that the ALJ can more fully and fairly develop the record with regard to plaintiff's mental RFC. On remand, the ALJ is directed to address interrogatories to the psychologists and physicians who have evaluated and/or treated plaintiff asking the psychologists and physicians to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's capabilities during the time period in question. Specifically, the ALJ should ask the above psychologists and physicians, to discuss if alcohol abuse was seen as a problem while they were treating plaintiff, and if so, the ALJ should ask them

7

to opine as to whether or not plaintiff's impairments without the use of alcohol caused any limitations of activities of daily living.

We further note that the medical evidence is also somewhat ambiguous with regard to plaintiff's physical limitations and his physical RFC. We recommend that the ALJ address interrogatories to the physicians who have evaluated and/or treated plaintiff asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the Commissioner and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED  this 24th day of January 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)